SUMMARY ORDER

Xiao Dong Zheng, a citizen of the People’s Republic of China, seeks review of a May 5, 2008 order of the BIA affirming the September 18, 2006 decision of Immigration Judge (“U”) Brigitte Laforest denying Zheng’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiao Dong Zheng, No. A79 148 374 (B.I.A. May 5, 2008), aff'g No. A79 148 374 (Immigr. Ct. N.Y. City Sept. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the agency’s findings of fact under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s finding that Zheng failed to establish that he suffered past persecution where his claims of mistreatment are limited to the detention and beating of his parents; his dismissal from school; and a threat by the authorities that he would be imprisoned if he were found practicing Falun Gong. See Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005) (persecution is “extreme” conduct, beyond mere harassment), overruled on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007) (en banc); see also Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir.2006). Generally, an applicant may not establish past persecution solely based on the mistreatment others, including family members, have endured. See Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir.2007); Shi Liang Lin, 494 F.3d at 314. This Court has recognized limited circumstances in which the persecution of a family member, combined with other circumstances, may amount to ‘past persecution. See Tao Jiang, 500 F.3d at 140-41 (citing JorgeTzoc v. Gonzales, 435 F.3d 146, 150 (2d Cir.2006) (per curiam)). However, Zheng’s petition does not present such limited circumstances because, among other reasons, he explicitly testified that he does *81 not share the characteristic which caused his family members to be persecuted. See id.
In addition, the agency reasonably concluded that Zheng’s expulsion from school did not amount to persecution, as Zheng presented no evidence that this expulsion constituted a “deliberate imposition of a substantial economic disadvantage.” Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 67 (2d Cir.2002). Furthermore, the agency reasonably concluded that Zheng had not suffered past persecution when the authorities threatened him with imprisonment if he ever engaged in Falun Gong. Because Zheng was not a Falun Gong practitioner, such a threat was too vague to amount to past persecution. Id. at 70 (finding that vague threats, without any reason to believe that they will be acted upon, do not amount to persecution).
We also find no error in the agency’s conclusion that Zheng failed to show a well-founded fear of future persecution. Indeed, his parents, who, unlike Zheng, are Falun Gong practitioners, lived in China for 6 years after their arrest without any further incidents. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where an asylum applicant’s similarly-situated family members remain in the applicant’s native country unharmed, a claim of a well-founded fear is diminished). Therefore, the agency did not err in denying Zheng’s application for asylum.
Because the agency correctly determined that Zheng failed to meet his burden in establishing eligibility for asylum, its denial of withholding of removal, which requires a higher burden of proof, was also proper. See Paul v. Gonzales, 444 F.3d
148, 155-56 (2d Cir.2006) (“It is well-settled that the burden of proof for a withholding of removal claim is higher than the burden of proof for an asylum claim.”). Similarly, because Zheng failed to show that he would be more likely than not subject to future persecution, the agency did not err in finding that he also failed to show that he would more likely than not be tortured. See 8 C.F.R. § 1208.16(c)(2); see also Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006) (“[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.”).[1] Accordingly, the agency properly denied Zheng’s applications for withholding of removal and CAT.
For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. While Zheng failed to argue the denial of CAT relief before the BIA, the BIA nonetheless found that he had failed to establish eligibility for such relief. Thus, the BIA's decision may be read to have excused Zheng’s failure to exhaust. See Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994).